# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-1122V

| | |
|---|---|
| ROIZY TEITELBAUM, as Parent and Natural Guardian of C.S., a Minor,<br><br>      Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: December 6, 2024 |

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA*, for Petitioner.

*Katherine Edwards, U.S. Department of Justice, Washington, DC*, for Respondent.

## DECISION AWARDING DAMAGES[1]

On July 19, 2023, Roizy Teitelbaum, as parent and natural guardian of C.S., a minor, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that C.S. suffered intussusception resulting from a rotavirus vaccine received on April 17, 2023. Petition at 1. Petitioner further alleges that C.S. received the vaccine in the United States, C.S.'s intussusception caused him to undergo inpatient hospitalization and a surgical procedure, and neither Petitioner, nor any other party, has ever filed any action or received compensation in the form of an award or settlement, for C.S.'s vaccine-related injury. Petition at ¶¶ 2, 5, 9-11; Ex. 1 at 2; Ex. 3 at 222-227. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On May 28, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation for intussusception. On December 5, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $35,000.00 to purchase an annuity contract and $5,142.50 for reimbursement of a Medicaid lien. Proffer at 2-4. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following:**

A. **A lump sum payment of $5,142.50, representing compensation for satisfaction of the State of New Jersey Medicaid lien, in the form of a check payable jointly to Petitioner and:**

> Treasurer, State of New Jersey
> c/o Health Management Systems, Inc.
> P.O. Box 416522
> Boston, MA 02241-6522
> Phone: (877) 262-7385, Fax: (866) 276-1176
> Case No. 248592
> Medicaid ID: 233126972020

Petitioner agrees to endorse the check to the Treasurer, State of New Jersey, for satisfaction of the Medicaid lien.

B. **An amount of $35,000.00 to purchase the annuity contract described in section I.B. of the Proffer, for pain and suffering.**

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

ROIZY TEITELBAUM, *as a parent and natural guardian of C.S., a minor,*

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

No. 23-1122V
Chief Special Master Brian H. Corcoran
ECF

## **RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On May 24, 2024, respondent filed a Vaccine Rule 4(c) report concluding that C.S. suffered an injury that is compensable under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-1 to -34, that is, intussusception, as defined in the Vaccine Injury Table.  EFC 19.  Accordingly, on May 28, 2024, the Chief Special Master issued a Ruling on Entitlement.  EFC 21.

Based upon the evidence of record, respondent proffers, and the parties recommend, that compensation be made through a lump sum and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

---

[1]  Should C.S. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

I.  **Items of Compensation**

  A. **Medicaid Lien**

Respondent proffers that petitioner should be awarded funds to satisfy the State of New Jersey Medicaid lien in the amount of $5,142.50, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of New Jersey may have against any individual as a result of any Medicaid payments the State of New Jersey has made to or on behalf of C.S. from the date of his eligibility for benefits through the date of judgment in this case as a result of C.S.'s alleged vaccine-related injury suffered on or about April 17, 2023, under Title XIX of the Social Security Act. Reimbursement of the State of New Jersey Medicaid lien shall be made through a lump sum payment of $5,142.50, representing compensation for satisfaction of the State of New Jersey Medicaid lien, in the form of a check payable jointly to petitioner and:

Treasurer, State of New Jersey
c/o Health Management Systems, Inc.
P.O. Box 416522
Boston, MA 02241-6522
Phone: (877) 262-7385, Fax: (866) 276-1176
Case No. 248592
Medicaid ID: 233126972020

Petitioner agrees to endorse the check to the Treasurer, State of New Jersey for satisfaction of the Medicaid lien.

  B. **Pain and Suffering**

For pain and suffering, respondent proffers that petitioner should be awarded an amount

of $35,000.00 to purchase an annuity contract,[2] paid to the life insurance company[3] from which the annuity will be purchased,[4] subject to the conditions described below, that will provide payments to C.S. as set forth below:

> A lump sum of $36,345.00 payable on February 13, 2041.
> A lump sum of $36,345.00 payable on March 13, 2041.

The purchase price of the annuity described in this paragraph shall neither be greater than nor less than $35,000.00. In the event that the cost of the annuity set forth above varies from $35,000.00, the actual lump sum payments shall be equally adjusted accordingly to ensure that the total cost of the annuity is neither less nor greater than $35,000.00. Should C.S. predecease any of the certain payments set forth above, any remaining certain payments shall be made to his estate. However, written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of C.S.'s death.

These amounts represent all elements of compensation to which C.S. is entitled under 42

---

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

   b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

   c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

   d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[4] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

U.S.C. § 300aa-15(a).  Petitioner agrees.[5,6]

**II.      Summary of Recommended Payments Following Judgment**

      A.      A lump sum of **$5,142.50** for reimbursement of a Medicaid lien**;** and

      B.      An amount of **$35,000.00** to purchase the annuity contract described above in section I.B.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

COLLEEN C. HARTLEY
Assistant Director
Torts Branch, Civil Division

---

[5] Petitioner represents that petitioner presently is, or if necessary, will become, authorized to serve as guardian/conservator of C.S.'s estate as may be required under the laws of the State of New Jersey.

[6] The parties further agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner.  Petitioner and petitioner's heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

                    <u>/s/ Katherine Edwards</u>
                    KATHERINE EDWARDS
                    Trial Attorney
                    Torts Branch, Civil Division
                    U.S. Department of Justice
                    P.O. Box 146
                    Benjamin Franklin Station
                    Washington, D.C.  20044-0146
                    Tel: (202) 742-6374
                    Katherine.Edwards2@usdoj.gov

Dated:  December 5, 2024